# Constantine P. Kokkoris

Attorney at Law

225 Broadway, Suite 612
New York, New York 10007
(212) 349-9340

Facsimile
(212) 587-8115

E-mail Address
cpk@kokkorislaw.com


June 20, 2005

**VIA ECF & FACSIMILE: (718) 260-2536**
Honorable Joan M. Azrack
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: Godlewska, et al. v. HDA, Human Development Association, Inc., et al.
Docket No. 03-CV-3985 (DGT) (JMA)**

Dear Judge Azrack:

I am co-counsel for the plaintiffs in the above-referenced matter, and I write this letter in anticipation of the status conference scheduled for Thursday, June 23, 2005. The purpose of this letter is to: 1) bring to the Court's attention discovery disputes that have arisen between the parties 2) seek leave to amend the complaint to add a defendant and 3) request an extension of the deadline for discovery, which is currently set for June 24, 2005.

This is an action brought by plaintiff home care attendants against their former employer as a collective action seeking damages for unpaid overtime wages under the Fair Labor Standards Act ("FLSA") and New York State Labor Law, and alleging civil RICO and other claims in connection with allegations that plaintiffs were required to pay "kickbacks" in order to continue their employment with defendants. The defendants have moved to dismiss plaintiffs' civil RICO claims pursuant to Fed.R.Civ.Proc. 12 (b)(6), and that motion is currently pending before Judge Trager. The Court had previously directed that discovery should proceed on the FLSA claims only, and other discovery would proceed within 30 days of Judge Trager's decision on the motion to dismiss. A notice of pendency advising potential plaintiffs of their right to opt-in to the FLSA action was circulated with approval of the Court on or about February 9, 2005, giving putative plaintiffs until May 9, 2005 to opt in to the FLSA action. To date, 145 plaintiffs have opted in.

Pursuant to the agreement of the parties, which was approved by the Court in January 2005, defendants were to have provided discovery on the named plaintiffs forthwith, and discovery on the opt-in plaintiffs at the end of the opt in period, when a list of the opt in plaintiffs could be compiled. Plaintiff's counsel wrote to defense counsel on May 10, 2005 with a list of opt in plaintiffs. Although the defendants recently produced an employment manual and a contract with the City of New York, they have failed to produce any discovery regarding the

plaintiffs, most importantly, the plaintiffs' payroll records. This is notwithstanding the fact that plaintiffs' counsel have called and written repeatedly to request discovery on the named plaintiffs and have called and written once with respect to the opt in plaintiffs. Needless to say, payroll records are crucial evidence in an action for unpaid wages pursuant to the FLSA. In addition to payroll records, there are other documents that defendants have failed to produce, which plaintiffs can review at the status conference.

Furthermore, after reviewing the contract between defendant employer and the City of New York, plaintiffs have learned that there is a basis to implead the City of New York as a defendant on the grounds that it was a joint employer of the plaintiffs. The plaintiffs will therefore seek leave to amend the complaint to add the City of New York. The defendants have indicated that they might stipulate to such an amended complaint. The plaintiffs would like to explore the possibility of submitting a proposed amended complaint adding the City of New York as a defendant, and giving the defendants time to decide whether they will so stipulate.

Because discovery in this case is incomplete and plaintiffs will seek leave to amend the complaint, plaintiffs will also request an extension of the deadline for discovery. Indeed, defendants' time to respond to plaintiffs' discovery demands on the non-FLSA claims has not yet passed, as there has not been a decision on the partial motion to dismiss. Plaintiffs look forward to discussing these requests further with the Court at the conference on June 23, 2005.

Respectfully submitted,

/S/

CONSTANTINE P. KOKKORIS (CK-6045)

CPK:mj
cc: Richard Howard, Esq.
Robert Wisniewski, Esq.