# Constantine P. Kokkoris
Attorney at Law
———————————

|  | 225 Broadway, Suite 612 |  |
|---|---|---|
| Facsimile | New York, New York 10007 | E-mail Address |
| (212) 349-9342 | (212) 349-9340 | cpk@kokkorislaw.com |

April 19, 2005

**VIA ECF & FACSIMILE: (718) 613-2535**

Honorable Joan M. Azrack
United States District Court
225 Cadman Plaza East
Brooklyn, NY  11201

      Re:    Godlewska, et al. v. HDA, Human Development Association, Inc., et al.
             Docket No. 03-CV-3985 (DGT) (JMA)

Dear Judge Azrack:

      I am co-counsel for the plaintiffs in the above-referenced matter, and I write this letter in response to the Court's Order Dated April 13, 2006, directing the parties to submit supplemental letter briefs on the statute of limitations issue.

FIRST AMENDED COMPLAINT

      The claims in the First Amended Complaint are essentially all identical to those in the original complaint; the only change was to allege defendant HDA as a "person" rather than "enterprise" for purposes of the civil RICO claim. The complaint in this action was filed on August 13, 2003.  Two of the named plaintiffs were still working for defendant HDA at the time this suit was filed (plaintiffs Godlewska and Hatala).  Plaintiff Bielawska last worked for HDA in late August 2001, and plaintiff Pilch last worked for HDA on December 30, 2001.

      The first claim for relief is a collective action claim pursuant to 29 U.S.C. § 216(b) for unpaid overtime and minimum wages under the Fair Labor Standards Act (FLSA), which follows an "opt-in" procedure for class plaintiffs.  The filing of a collective action under the FLSA does not toll the statute of limitations for "opt-in" plaintiffs, so the accrual period is different for each "opt-in" plaintiff than it is for the named plaintiffs (the date of filing of the complaint). 29 U.S.C. § 216(c); *Soler v. G&U Inc.*, 103 F.R.D. 69 (S.D.N.Y. 1984).  The second through the ninth claims for relief, however, are brought as class action claims pursuant to Fed.R.Civ.Proc. 23.  Unlike a collective action under the FLSA, the filing of a Rule 23 class action does toll the statute of limitations for absent class members, which means that the accrual period is the same for the named plaintiffs and all class members if a Rule 23 class is eventually certified. *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974).

Letter to Hon. Joan M. Azrack
April 19, 2006
Page -2-

   The first claim for relief is for unpaid overtime and minimum wages under the FLSA. The statute of limitations for this claim is two (2) years back from the filing of the complaint, and three (3) years for willful violations. 29 U.S.C. § 255 (a). Under the FLSA, a claim for unpaid wages accrues with each paycheck for the wages in question. Therefore, the named plaintiffs can allege timely claims for any paychecks they received on or after August 13, 2001, or August 13, 2000, if willful violation can be proved against the defendants. Since the filing of the collective action does not toll the statute of limitations for "opt-in" plaintiffs, those who joined the FLSA action by opting in and filing consents to joinder can collect for unpaid wages from paychecks they received either two or three years back from the time they filed their consents to joinder with the Court. The opt-in plaintiffs generally filed their consents between March 1 and July 31, 2005, which would mean they can collect for unpaid wages in paychecks received between March 1 through July 31, 2003, or the same period in 2002.

   The second claim for relief is for unpaid overtime and minimum wages under New York State Labor Law (Labor Law) §§ 198 and 663 and 12 NYCRR § 142. The statute of limitations for this claim is six (6) years back from the filing of the complaint, and like the FLSA, each claim accrues with each paycheck. Labor Law §§ 198 and 663. Therefore, the named and class plaintiffs can timely allege claims for any paychecks they received on or after August 13, 1997.

   The third claim for relief is for extortion in connection with illegal demands for "kickbacks" under civil RICO, 18 U.S.C. § 1961. The statute of limitations for this claim is four (4) years from the latest predicate act of racketeering which damaged the plaintiffs, or from the time the plaintiffs should have discovered it. *Bankers Trust Co. v. Rhoades*, 859 F.2d 1096 (2nd Cir. 1988) *cert denied* 490 U.S. 1007 (1989). The last demands for kickbacks or acts of racketeering alleged by each named plaintiff were in June 2002 for plaintiff Pilch, July 10, 2000 for plaintiff Hatala, September 2001 for plaintiff Bielawska, and May 1999 for plaintiff Godlewska. Thus the civil RICO claims for all plaintiffs except for Godlewska are timely and this timeliness extends to all absent class members in a Rule 23 class.

   The fourth claim for relief for illegal demands for kickbacks under sections 198-b and 193 of the Labor law have a six (6) year statute of limitations, so these claims are timely for all and named class plaintiffs for kickbacks demanded on or after August 13, 1997. Labor Law § 198.

   The fifth, sixth and seventh claims for relief consisting of state law claims for unjust enrichment, duress and negligent hiring and supervision are akin to claims for conversion, recovery of monies and negligent damage to property with respect to the demands for kickbacks and thus have a three (3) year statute of limitations. CPLR § 214 (3) and (4); *D'Amico v. First Union Nat'l Bank*, 285 A.D.2d 166 (1st Dept. 2001). The claims under these state law provisions are timely for plaintiffs Pilch and Bielawska and the class members they represent.

Letter to Hon. Joan M. Azrack
April 19, 2006
Page -3-


The eighth claim for relief is for retaliatory discharge pursuant to the FLSA (29 U.S.C. § 215) and the statute of limitations is three years. 29 U.S.C. § 255(a). The ninth claim for relief is for retaliatory discharge under the Labor Law and the statute of limitations is two years. Labor Law § 215(2). These claims are timely for all of the named and class plaintiffs, based upon the dates of termination of the named plaintiffs.

PROPOSED SECOND AMENDED COMPLAINT

The proposed Second Amended Complaint adds only two (2) new causes of action: one for unpaid "prevailing wages" under a state-law third-party beneficiary contract law theory against all defendants (third claim for relief), and one against the municipal defendants under 42 U.S.C. § 1983 (fourth claim for relief). In addition to these two claims asserted against the municipal defendants, plaintiffs' only other claim against the municipal defendants are the FLSA overtime and minimum wage claims in the first claim for relief. The claim under 42 U.S.C. § 1983 claim is really a derivative claim, brought only for the purpose of enforcing the overtime, minimum wage and "prevailing wage" claims under the various federal and state laws against a municipal government. It may very well be superfluous.

The statute of limitations on the "prevailing wage" third-party beneficiary contract claim in the third claim for relief is six years, as a state law breach of contract claim. CPLR § 213 (2). This claim is also brought as a Rule 23 class action. Therefore, the named and class plaintiffs can timely allege claims for any paychecks they received on or after August 13, 1997, and the claims of all named and class plaintiffs would be timely under this claim.

The plaintiffs seek relation back of both claims against the municipal defendants (first claim for relief for FLSA overtime and minimum wages, and third claim for relief for state law "prevailing wages") to the date of filing of the original complaint, August 13, 2003, based upon the service of the complaint on defendant HDA. Therefore the calculations as to accrual and timeliness of the claims of the named and class plaintiffs for the two claims against the municipal defendants would be no different than those for the original defendants.

The plaintiffs respectfully request leave to file their Second Amended Complaint and to have the claims against the municipal defendants therein relate back to the time of the filing of the original complaint in this action. The undersigned looks forward to responding to any other queries or concerns that the Court might have regarding the instant motion.

              Respectfully submitted,
               /S/
             CONSTANTINE P. KOKKORIS (CK-6045)

CPK:sck
cc: Georgia Pestana, Esq.
    David S. Greenhaus, Esq.
    Anne P. Edelman, Esq.
    Robert Wisniewski, Esq.