UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

————————————————————————————————————X

ELZBIETA GODLEWSKA, KRYSTYNA BIELAWSKA,
BARBARA HATALA, BARBARA PILCH, and
BOLESLAW PRYZGODA, on behalf of themselves and
all others similarly situated,

                               Plaintiffs,                       **<u>ORDER</u>**

                                                   CV–03–3985 (RJD) (JMA)

     -against-

HDA, HUMAN DEVELOPMENT ASSOCIATION, INC.,
d/b/a HDA, YECHILA GRUENWALD a/k/a YECHIEL
GRUENWALD individually and as Executive Director of
HDA, HUMAN DEVELOPMENT ASSOCIATION, INC.,
ZVI KESTENBAUM, MARINA VOSKOBOYNIKO,
GOLDA POKHIS a/k/a OLGA POKHIS, MARGARITA
ZILBERT, EVA FRIEDMAN, IRENA GADZHIYEVA,
SARAH JUROVIESKY, ELLA RASHKOVA, BELLA
SLOMIVC, RITA STRASHNOV, THE CITY OF NEW
YORK, NEW YORK CITY HUMAN RESOURCES
ADMINISTRATION and VERNA EGGLESTON, as
Commissioner of NYC Human Resources Administration,

                            Defendants.

————————————————————————————————————X

On January 2, 2013, the Court issued a Memorandum and Order (the "Memorandum and Order") granting the motion by defendants the City of New York, New York City Human Resources Administration, and Verna Eggleston as HRA Commissioner (together, the "City Defendants") for summary judgment, and denying the cross-motion by all plaintiffs for summary judgment. In the Memorandum and Order, the Court fully adjudicated the City Defendants' rights, finding that City Defendants were entitled to summary judgment on plaintiffs' first and third causes of action.

On February 5, 2013, I held a conference with the parties to discuss the status of the case in light of that Memorandum and Order. At the conference, plaintiffs indicated their desire to

appeal the Memorandum and Order, and all parties stated that they would consent to my entering final judgment as to City Defendants, pursuant to Fed. R. Civ. Proc. 54(b), to permit plaintiffs' appeal.   The parties so consented on March 14, 2013.   Also at the conference, all parties consented to my staying this case pending appeal, which consent City Defendants reiterate in their March 14, 2013 letter to the Court.

Fed. R. Civ. Proc. 54(b) provides that "When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."

There is no just reason for a delay in entering final judgment as to City Defendants.   In the Memorandum and Order, the Court fully adjudicated City Defendants' rights, finding that City Defendants were entitled to summary judgment on plaintiffs' first and third causes of action.   The next phase of this litigation will involve further discovery, motion practice, and a potential trial on issues relating to the remaining defendants' liability, the appropriateness of class treatment, and damages.   Having found, in the Memorandum and Order, that City Defendants are not a joint employer of plaintiffs, this Court is of the view that this next phase should not involve City Defendants.   Entering final judgment as to City Defendants, and staying this action pending appeal of that judgment, will ensure that the next phase of the litigation involves only, and all, those defendants the Circuit determines belong in the case, thereby sparing all parties prejudice.   The Court's dual goals of efficiently managing the case and preventing prejudice warrant this determination.

Accordingly, the Clerk of the Court is respectfully directed to enter final judgment as to the three City Defendants, pursuant to Fed. R. Civ. Proc. 54(b), and the case is hereby stayed pending appeal of that judgment.

**SO ORDERED.**

Dated: March,19, 2013
       Brooklyn, New York

                                     _____/s/_____
                                     JOAN M. AZRACK
                                     UNITED STATES MAGISTRATE JUDGE