UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

ELZBIETA GODLEWSKA, KRYSTYNA BIELAWSKA,         **Docket No.: 03-cv-3985**
BARBARA HATALA, BARBARA PILCH  and                        **(RJD)(JO)**
BOLESLAW PRZYGODA et al.

Plaintiffs,

v.

HDA, HUMAN DEVELOPMENT ASSOCIATION, INC.
d/b/a HDA, YECHILA GRUENWALD a/k/a YECHIEL
GRUENWALD individually and as Executive Director of HDA,
HUMAN DEVELOPMENT ASSOCIATION, INC., ZVI
KESTENBAUM, MARINA VOSKOBOYNIKO, GOLDA
POKHIS a/k/a OLGA POKHIS, MARGARITA ZILBERT,
EVA FRIEDMAN, IRENA GADZHIYEVA, SARAH
JUROVIESKY, ELLA RASHKOVA, BELLA SLOMIVC,
and RITA STRASHNOV,

Defendants.
--------------------------------------------------------------X

### SETTLEMENT AGREEMENT

IT IS HEREBY STIPULATED AND AGREED, between and among the signatory

current or former employees (hereafter referred to as "Releasors" or "Employees") HDA, Human

Development Association, Inc. ("HDA") and HDA NY, LLC  ("Buyer") (Buyer and HDA jointly

referred to herein as "Releasees" or "Employer") and any affiliated entity of Releasees, including

any sister company, subsidiary or parent company, any manager, officer, shareholder or member

of the foregoing's Board of Directors and any agents, employees, principals, partners, officers,

insurers, successors, and assigns of any of the foregoing, both individually and in their official

capacities (collectively hereafter referred to as "Releasees" or "Employer") this 5th day of March,

2018, that in return for the good and sufficient consideration set forth below, Releasors and

--

1

Releasees agree to resolve all claims against each other (the "Agreement") as follows:

1.    Employer shall pay Releasors a total sum of Four Hundred Fifty Thousand Dollars ($450,000.00) (the "Settlement Payment") in the aggregate payable as set forth below:

A.    HDA shall issue, within thirty (30) days after the Court has accepted these terms of settlement, checks totaling One Hundred Fifty Thousand Dollars ($150,000.00) (the "HDA Settlement Payment") as follows:

i.    Sixty-Five Thousand Three Hundred-Eighteen and 41/100 Dollars ($65,318.41) to those Plaintiffs as set forth on a Table attached as **Exhibit 1**, by delivering checks to Robert Wisniewski P.C.;

ii.    Five Thousand Dollars and Zero Cents ($5,000.00) to named Plaintiff Barbara Hatala as a special payment;

iii.    Five Thousand Dollars and Zero Cents ($5,000.00) to named Plaintiff Krystyna Bielawska as a special payment;

iv.    Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) to named Plaintiff Barbara Pilch as a special payment;

v.    Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) to named Plaintiff Boleslaw Przygoda as a special payment; and

vi.    Sixty-Nine Thousand Six Hundred Eighty-One and 59/100 Dollars ($69,681.59) to Robert Wisniewski P.C., as partial reimbursement for costs and disbursements in this matter.

B.    On or before ~~December 31, 2018,~~ march 31 2019 Buyer shall issue checks paying Three Hundred Dollars and Zero Cents ($300,000.00) (the "Buyer Settlement

2

Payment"), as follows:

i.    One Hundred Twenty-Four Thousand Eight Hundred Sixteen

Dollars and Sixty-Seven Cents ($124,816.67) to Robert

Wisniewski, P.C. as attorney fees and Five Thousand Eight

Hundred Sixty-Five and 86/100 Dollars ($5,865.86) as

reimbursement for the remainder of the costs.

ii.    Buyer shall deliver to Robert Wisniewski, P.C., checks totaling

One Hundred Sixty-Nine Thousand Three Hundred Sixteen and

61/100 Dollars ($169,316.61) made payable to the Plaintiffs as set

forth on a Table attached as **Exhibit 2**.

C.    After receiving the checks constituting the HDA Settlement Payment or

the Buyer Settlement Payment, Robert Wisniewski P.C. shall distribute

them in envelopes bearing its return address, and :

i.    If there are returned envelopes, Robert Wisniewski P.C. shall make

reasonable efforts to ascertain the current address of that Plaintiff

whose envelope was returned, and re-send the envelope to the new

address;

ii.    When the envelope is returned for the second time, or no other

address is available for Plaintiff after the first distribution, then

after three (3) months Robert Wisniewski P.C. shall deliver to

HDA or Buyer all returned checks;

iii.    HDA and Buyer shall reimburse Robert Wisniewski P.C. for the

cost of postage and envelopes but not for its labor costs.

D.    The Buyer Settlement Payment shall be secured by the following:

     i.    A security interest in the accounts receivable of Buyer the form of which is attached herewith as **Exhibit 3**; and

     ii.    A confession of judgment of Buyer, the form of which is attached herewith as **Exhibit 4** in the amount of Three Hundred Thousand Dollars and Zero Cents ($300,000.00), less all amounts paid by Buyer in accordance herewith plus attorney fees and costs.

E.    As Buyer is presently in the process of acquiring the assets of HDA subject to the decision of the New York Supreme Court of Kings County In the Matter of the Application of Human Development Association HDA, and bearing an Index No.: 512574/2015 (the "State Action", if there is no transaction or the transaction is not consummated by ~~December 31,~~ March 31 '19 ~~2018,~~ then HDA shally be jointly and severally liable with Buyer for the Buyer Settlement Payment. If, however, the transaction to purchase the assets of HDA occurs before HDA's obligation to pay the HDA Settlement Payment starts, then HDA and Buyer shall deposit the amount constituting the HDA Settlement Payment into an escrow account as ordered by the Hon. Bernard Graham in the State Action.

F.    Both HDA and Buyer shall rely on the Tax ID or Social Security information they have on file for each Plaintiff who is due payment hereunder and shall not require Plaintiffs to submit additional W-4 or W-

4

9 Forms. Robert Wisniewski P.C. shall submit a W-9 Form to both HDA and Buyer.

G. The parties agree to rely on the designation of the Settlement Payment in Tables 1 and 2 as: "wages", subject to income- and payroll taxes; "liquidated damages", "special payment" and "interest", all subject to income taxes, and "reimbursement for alleged kickbacks", tax-free exchange, and Releasors shall issue appropriate tax forms which will comply with the designation of the nature of the payments in the Tables attached as **Exhibits 1 and 2.**

H. If either HDA or the Buyer fails to make the HDA Settlement Payment or the Buyer Settlement Payment, as the case may be, then Plaintiffs or their counsel, Robert Wisniewski P.C. shall serve a notice of default on Employer's counsel in accordance with paragraph 23 and HDA or the Buyer shall have seven (7) calendar day to cure the default. Failure to cure the default shall be a material breach of this Agreement and shall immmediately entitle Plaintiffs to take further steps consistent with this Agreement.

2. Except for those Releasors who opt out in accordance with paragraph 7D., in return for the consideration described above, Releasors release and forever discharge Releasees, their agents, employees, successors, insurers and assigns, and all affiliated business entities, both individually and in their official capacities, from any and all claims, causes of action, suits, back-wages, benefits, attorneys' fees, pain and suffering, debts, dues, sums of money, accounts,

---

5

reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, charges, complaints and demands whatsoever, in law, or equity, of any and every kind, nature and character, known or unknown, arising out of the wages paid each and any Releasor by Releasee, which against Releasee, Releasor, their heirs, executors, administrators, agents, successors, and assigns, ever had, may now have or hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever including, but not limited to, those arising under any federal, state or local, wage-hour laws and/or regulations, including, but not limited to:

    A.    All Claims alleged in the last Amended Complaint in the action entitled <u>Godlewska, et. al. v. HDA, Human Development Association, Inc.</u>, bearing Docket Number 03-CV-03985, pending before the Hon. Judge Raymond J. Dearie (the "Federal Action"), as well as all claims alleging: breach of promise, breach of contract or implied contract; fraud; misrepresentation; fraudulent inducement; promissory estoppel; unjust enrichment; quantum meruit; conversion; or otherwise arising under any common law theory or in tort, contract or quasi-contract, whether in law or equity, which focus upon the wages received or owed to Releasors by Releasees;

    B.    all Claims arising under or concerning:  The Fair Labor Standards Act, Article 6 or Sections 190-198 of New York Labor Law, and any similar federal law or law of any state or locality; any costs, damages, interest, liquidated damages or attorneys' fees relating to any such alleged

violation; allegedly unpaid wages, salary, or overtime compensation;

C.   all Claims for:  costs, fees, liquidated damages or attorneys' fees (and Releasors and Releasees hereby confirm that, unless otherwise stated in this Agreement, they are exclusively responsible for payment of all of their own costs, fees, attorneys' fees and any taxes related thereto other than as set forth herein); payment of income taxes; against each other, their agents, successors, insurers and assigns, both individually and in their official capacities, from the beginning of the world to the date of this Agreement.

D.   This Release shall automatically enter into force as follows:

(i)     for those receiving payment as set forth on Tables 1 and 2, upon the encashment of all the checks that each Plaintiff/Releasor is entitled to receive;

(ii)    for those who are determined not to be entitled to any settlement, upon the expiration of the 30 day period to opt out of the Action.

E.   Those Releasors whose employment with HDA has ceased will not seek to reenter the employ of HDA or enter the employ of Buyer.

3.   Except as otherwise permitted in paragraph 7D., Releasors, jointly and severally, promise and represent that, to the extent they are able, they will withdraw, with prejudice, or stipulate to dismiss with prejudice, any and all outstanding administrative complaints or charges, filed with federal, state and local agencies/administrative bodies and will also withdraw with prejudice all judicial actions, as well as any and all other lawsuits, claims, demands, appeals or

7

actions pending against Releasees (as defined above), including, but not limited to the above

mentioned Federal Action, and will not file any other administrative or judicial complaints,

charges, lawsuits, claims, demands, appeals or actions of any kind based on the wages paid each

and any Releasor during his or her employment with HDA.  In the event any such complaints,

charges, lawsuits, claims, demands, appeals or actions are not withdrawn or are filed due to

circumstances beyond any Releasor's control, each Releasor promises and represents that he/she

will not voluntarily testify, give evidence or otherwise participate or cooperate in any

investigation or other proceedings connected with or resulting from such complaints, charges,

lawsuits, claims, demands, appeals or actions and that he/she will execute such papers or

documents as any Releasee determines may be necessary to have said complaint, charge,

lawsuit, claim, demand or action dismissed with prejudice.

      In the event any Releasor is subpoenaed to testify concerning wages paid by Releasees,

he/she will immediately notify Releasees to permit Releasee a reasonable opportunity to seek to

quash or modify any such subpoena.

      4.    Releasors agree and understand that nothing contained in this Agreement is an

admission by Releasees of any liability, breach of duty or unlawful conduct whatsoever or

violation of any local, state or federal law, regulation or ordinance.

      5.    This Agreement may not be modified, altered or changed except upon express

written consent of both Releasors and Releasees.

      6.    Each Releasor represents that, after having had a full opportunity to review and

consider the terms and conditions of this Agreement, and having discussed them with any

member of any of his/her immediate family, counsel or financial advisor of his/her own

8

choosing, and having had sufficient time to review and consider this Agreement, he/she fully understands all of the provisions of this Agreement and has executed same freely and voluntarily.

7.  All terms of this Agreement are contingent upon the approval of this Agreement by the United States District Court for the Eastern District of New York ("EDNY") as part of the so-called *Cheeks* review, and the following conditions shall apply:

A.  The Parties agree to cooperate and take all steps necessary and appropriate to obtain approval of this Agreement from the EDNY and to otherwise effectuate all aspects of this Agreement.

B.  Upon full execution of this Agreement, the Parties agree to submit this Agreement to the EDNY for its *Cheeks* approval and to ask the EDNY to dismiss the Federal Action with prejudice but to retain subject matter jurisdiction to interpret and enforce this Agreement.

C.  The Parties agree that, owing to the passage of time, the number of Plaintiffs involved and the possible claims by both Medicare and the New York City Human Resources Administration, they will submit this Settlement Agreement to the EDNY for its *Cheeks* review on notice to all parties, the Office of Medicare Inspector General and the New York City Human Resources Administration, and to ask the Court to give all concerned sufficient time to review the Agreement. Attached herewith as **Exhibit 5** is the form of an order and as **Exhibit 6** the proposed Notice that the Parties shall file as part of their *Cheeks* approval motion.

9

D.     The parties agree that, if there are any Plaintiffs who do not accept their share of the Settlement Payment herein, they will have ten (10) days after the hearing date, or as the court otherwise orders, to file a notice of opt-out with the EDNY and serve such notice on the Plaintiffs' and Defendants' counsel and then shall have thirty (30) days from the date of the order of the Court approving the Settlement to file a separate lawsuit, thus preserving the statute of limitations as of the filing of the complaint or as of the filing of the consent to joinder, as the case may be, in this Action.

E.     The Parties further agree that the amounts of the Settlement Payment, the division thereof and the manner of payment are the essential terms of this Agreement and, if the EDNY does not approve any essential term in this Agreement, modifies it or requires as a condition to approving the Agreement any term that effects a material change in this Agreement, then this Agreement may be voided at any Party's option within fourteen (14) days from the order of the Court approving or modifying the Agreement upon a written notice to all parties and non-parties entitled to notice.

F.     Both Parties reserve all rights to appeal any aspect of any order from the Court that does not fully approve any aspect of the Agreement.

8.     This Agreement contains the parties' entire agreement, and there are no agreements or representations that are not set forth herein. All prior negotiations, agreements, and understandings of the parties are superseded by this Agreement, the Security Areement and the Confession of Judgment.

10 .

9.      Each Releasor shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement.  In order to simplify such further execution, each Releasor hereby authorizes attorney Robert Wisniewski to execute on behalf of Releasors any such document, including, but not limited to, the Security Agreement used to collateralize obligations hereunder.

10.      No ambiguity in this Agreement may be construed against the drafter. And if there is any ambiguity or contradiction between or among this Agreement and any other document, including without limitation the Security Agreement or the Confession of Judgment, then the language in this Agreement shall control.

11.      The entirety of this Agreement is binding upon each Releasor, his/her heirs, executors, administrators, agents, successors, insurers and assigns, but

12.      This Agreement shall be subject to and governed by the laws of the State New York.  Any action to enforce the terms of this Agreement must be brought in the Supreme Court of the State of New York, County of Kings or the United States District Court for the Eastern District of New York and all parties hereto agree to submit to the personal jurisdiction of said Courts. The parties agree to request that the United States District Court for the Eastern District of New York retain subject matter jurisdiction to interpret and enforce the terms of this Settlement Agreement and all other documents executed by the parties.

13.      Except as otherwise set forth in the Confession of Judgment or the Security Agreement:

A.      in the event that any of the Parties breaches, violates, fails or refuses to comply with any of the provisions, terms or conditions or any warranties,

11

covenants, or representations of this Agreement, the Confession of Judgment or the Security Agreement (the "Breach"), the non-breaching party or parties are entitled to recover damages against the breaching party or parties, including interest, costs, expenses and reasonable attorneys' fees, including any appeal and collection proceeding, accruing to the non-breaching party or parties as a consequence of the Breach. Regardless of and in addition to any right to damages the non-breaching Party or Parties may have, the non-breaching Party or Parties shall be entitled to immediate injunctive relief without the need to post a bond therefor.

B.    In the event that any party alleges a breach of this Agreement and there is a determination by a trier of fact that no violation of any provisions of this Agreement occurred, then the party against whom allegations were made shall be entitled to recover damages from the party who made such an allegation, including costs, expenses and reasonable attorneys' fees, including any appeal and collection proceedings.

14.    If any term or provision of this Agreement or the application thereof to any person or circumstance, shall to any extent be found invalid or unenforceable, the remainder of the Agreement, or the applications of such term or provisions to persons or circumstances other than to those as to which it is invalid or unenforceable, shall not be affected thereby, and each term and provision of this Agreement shall be valid and be enforced to the fullest extent permitted by law.

15.    Each of the covenants contained herein is a separate and independent covenant.

A breach, finding of unenforceability or waiver of any one covenant herein (or of any other covenant or agreement between these parties) shall not relieve either party of any remaining obligations hereunder.

16.     The Parties agree that should any federal, state or local taxes be determined to be owing by any party on the payment of the sums received by Plaintiffs under this Agreement, each party shall be solely and completely responsible for his, her or its taxes, interest or penalties.

17.     This Agreement may be executed in Counterparts and by facsimile and remain wholly effective.

18.     Parties hereto specifically acknowledge and agree that this Agreement is an honorable undertaking, is intended to comply with the state and federal laws, rules and regulations, and each party individually intends to comply with all terms of this Agreement as well as with all state and federal laws, rules and regulations.

19.     Each party hereto agrees to take a position in any governmental filings, including without limitation tax returns, and/or in any proceeding, whether judicial or administrative, that is consistent in all respects with this Agreement and the parties' intent.

20.     The Parties make the following warranties to each other:

A.     Plaintiffs have not assigned any claims that are being released in this Agreement or that gave rise to this action;

B.     HDA and Buyer have not assigned, and will not in the future, assign their obligations under this Agreement to any party without Plaintiffs' written agreement;

C.     Each Releasor's obligations and right to any payments hereunder are not assignable by any Releasor without the express written consent of Releasees.

D.     Buyer warrants that it has not taken, and will not take in the future, any steps to divert, diminish or otherwise dissipate its receivables;

E.     Buyer and Plaintiffs acknowledge there is a prior lien on Buyer's accounts receivable to Sterling Bank. Buyer warrants that after payment in full of the first lien, there will remain sufficient receivables to satisfy any remaining debt to Plaintiffs.

F.     These warranties shall survive the execution of this Agreement, and shall not merge into, this Agreement.

21.     Waiver by any of the Parties hereto of any breach hereunder by any other Party shall not operate as a waiver of any other breach, whether similar to or different from the breach waived. No delay on the part of any of the Parties in the exercise of any of their respective rights or remedies shall operate as a waiver thereof, and no single or partial exercise by any of the Parties of any such right or remedy shall preclude other or further exercise thereof.

22.     Nothing contained in the releases provided for herein is intended to prevent any Party from enforcing the terms of this Agreement.

23.     Any notices or requests under this Agreement shall be in writing, sent via overnight mail and e-mail to Robert Wisniewski, Esq., counsel for Plaintiffs, and Richard Howard, Esq. counsel for Defendants. Any notice of breach of this Agreement shall state the following information: (a) the specific nature of the breach, including the specific provision of

14

this Agreement claimed to be breached, and (b) the facts relied upon the party giving notice to

determine that a breach occurred Any notices shall be addressed as follows:

    A.    If to any Plaintiff:

        Robert Wisniewski, Esq.
        Robert Wisniewski P.C.
        225 Broadway, Suite 1020
        New York, NY 10007
        Telephone No. (212) 267-2101
        E-mail: rw@rwapc.com

    B.    If to any Defendant:

        Richard Howard, Esq.
        Meltzer, Lippe Goldstein & Breitstone, LLP
        190 Willis Avenue
        Mineola, New York 11501
        Telephone No. (516) 747-0300
        E-mail rhoward@meltzerlippe.com

    The Parties further agree to keep their counsel informed of their current street and e-mail

address and telephone number and to request updates thereto in writing.

    23.    This Agreement may be executed in several counterparts, each of which shall be

[no more text on this page]

deemed an original and all of which shall constitute the same document.

     IN WITNESS WHEREOF, counsel for the Releasors and Releasees hereunto set their

hands through their counsel this 5th day of March, 2018.

Dated: New York, NY
       March 5, 2018

**For Plaintiffs and Opt-in Plaintiffs**

Robert Wisniewski, Esq.
Robert Wisniewski P.C.
225 Broadway, Suite 1020
New York, NY 10007

**For Defendants**

Richard Howard, Esq.
Meltzer, Lippe Goldstein & Breitstone, LLP
190 Willis Avenue
Mineola, New York 11501

**HDA NY LLC**

By: _____
      Joel Zupnick

STATE OF NEW YORK   )
            Westchester ) ss.:
COUNTY OF ~~KINGS~~   0.5

     On the 12 day of March, 2018 before me personally came JOEL ZUPNICK, to
me known who, being by me duly sworn, did depose and say that he is a member of the above
named HDA NY LLC, that as said member he executed the foregoing instrument by order of the
managing body of said entity and that he signed his name hereto by like order.

Danielle Feminella
Notary Public, State of New York
No. 01CH5084689
Qualified in Westchester County
Commission Expires 9/8/20 21

_____
Notary Public

16