ROBERT WISNIEWSKI P.C.
ATTORNEYS-AT-LAW

225 BROADWAY, SUITE 1020 • NEW YORK, NY 10007
T EL: (212) 267-2101 • FAX: (212) 587-8115
W EBSITE: www.rwapc.com

May 29, 2018

Hon. James Orenstein
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201
        *VIA ECF*

**Re: Godlewska et al. v. Human Development Association, Inc. et al.**
**Docket No.: 03-cv-3985 (ADS)(JO)**

Dear Judge Orenstein,                                                                                    ,

        This firm represents Plaintiffs in the above-captioned matter. For the reasons that follow, I am writing respectfully to request that this Court permit me to withdraw as counsel for the Plaintiffs enumerated in the **Exhibit 1** attached herewith (except Ms. Rita Hart and Ms. Jadwiga Zmiejko) and adjourn the trial to June 30, 2019 or to any date thereafter agreeable to the Court to allow these Plaintiffs to retain new counsel, whilst in the menatime this Court considers the settling Plaintiffs (of whom there are 122) and Defendants' joint motion to review and accept the settlement agreement they reached.

        First and foremost, leave of Court is required to withdraw from representation of a client. Local Rule 1.4 of the Local Rules for the United States District Courts for the Southern and Eastern Districts of New York states:

> "An attorney who has appeared as attorney of record for a party may be relieved or
> displaced only by order of the Court and may not withdraw from a case without leave of
> the Court granted by order. Such an order may be granted only upon a showing by
> affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the
> posture of the case, including its position, if any, on the calendar, and whether or not the
> attorney is asserting a retaining or charging lien."
> Local Rule 1.4

        The posture of this case is as follows. Your Honor scheduled at the March 17 pre-trial conference that a trial would start on May 30, 2018 (after two adjournments) for those Plaintiffs who did not consent in writing to the settlement agreement. Your Honor further ordered that the claims of those who do not appear for trial on May 30, 2018 would be dismissed.

        Following that conference, I immediately instructed my personnel to contact all Plaintiffs in this case to obtain their written consent. My personnel made repeated requests to contact all

Plaintiffs via telephone, mail and e-mail. Further, in the past two and a half years, I have written all Plaintiffs periodic status reports from the negotiations and our fight in the state court properly to value the assets of HDA so as to obtain the highest settlement possible, considering that according to HDA's filings in state court, Medicaid sought reimbursement of approximately $40 million. All Plaintiffs who received my letters were thus very well aware of the predicament in which HDA was and the realistic amounts that could be achieved through settlement.

Because HDA and the buyer of its assets would not agree to an open ended liability, we negotiated a clause in the settlement agreement that allows the buyer to walk away from the transaction, if this Court issued judgments in favor of Plaintiffs that might make the purchase and sale transaction of HDA uneconomical for the Buyer.

As of today, 122 Plaintiffs have consented in writing to the settlement agreement. This represents approximately 90% of the net settlement amount due Plaintiffs. This leaves 68 Plaintiffs who did not sign the consent, and this creates four distinct reasons which prevent me from representing any of the 68 Plaintiffs.

First and foremost, there is an irreconcilable conflict of interest between the two groups of Plaintiffs that I represent which I believe absolutely prevents me from representing the 68 non-signers. Rule 1.7 of the New York Rules of Professional Conduct (NYRPC) governs the conflict of interest among concurrent clients and reads in relevant part:

> (a) .... a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: (1) the representation of one client will be directly adverse to another client...

If I were to represent the non-signers zealously at trial so as to obtain the highest judgment for them, I would be working to the detriment of the 122 Plaintiffs who signed consent to the settlement agreement. This is an impossible conflict for me, which I would not be able to cure through the procedure set forth in Rule 1.7 (b).

Second, I do not believe that a large number of them have any claims under the relevant law. Rule 3.1 of the NYRCP provides: "A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so." Based on the information that a large number of these non-signers provided in the past years, or some of them failed to provide despite entreaties to do so, I do not believe that these non-signers have viable claims. For me to press their claims would be a violation of this ethical rule as well as of Rule 11 of the Fed. R. Civ. P., which provides sanctions for pressing frivolous claims. Accordingly, I can no longer represent these Plaintiffs, as they currently have no viable claims and have failed to provide me with additional information to consider.

Thirdly, approximately 60 non-signers have failed to communicate with me, making it impossible for me to prepare for a trial. Throughout the course of this action, I was in communication with all Plaintiffs by telephone and letter. In addition, I sent out periodic status letters to all Plaintiffs in which I updated all about the case and in which I requested that those

who change a telephone number or address notify my office immediately. During this time, I was unaware that the post office did not forward mail to individual's new addresses. Therefore, I assumed that Plaintiffs were getting the periodic status letters as I did not request return envelopes at that time.

In the past four years, I communicated with all Plaintiffs to obtain yet more information and to prepare all for a trial. During this period, certain Plaintiffs failed to respond to my personnel's efforts to communicate. Their telephones seemed disconnected. As a result, I sent out three letters to Plaintiffs – notably on June 29, July 14 and September 8 of 2016. In the letters I advised them to contact my office, if they wished to continue this case, as we needed more information from them. The letters also emphasized that if I did not hear back from them, I would file a request with the court to be relieved from representing them. In a final attempt to reach these Plaintiffs, I sent another letter via First Class Mail on May 11, 2018 advising Plaintiffs that I would withdraw as counsel if I did not hear back from them by May 21,2018. Despite sending these letters, I have not heard back from Plaintiffs.

These Plaintiffs have been unresponsive to my many attempts to reach them – by telephone, e-mail, post and through other Plaintiffs whom I asked to convey messages to those non-signers.The New York Rules of Professional Conduct permit a lawyer to withdraw form representing a client when "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively" See NY RPC Rule 1.16(c)(7).  Courts regularly allow an attorney to withdraw when the client fails to communicate with them. *See Emile v. Browner*, 1996 WL 724715 (S.D.N.Y. December 17, 1996); *Kohler Co. v. Weiss*, 1991 WL 196224 (S.D.N.Y. September 25, 1991)(allowing withdrawal when client refused to correspond with counsel); *Promotica of America, Inc. v. Crossfield, Inc.*, 2000 U.S. Dist. LEXIS 8594 at *3 (S.D.N.Y. 2000) (granting motion to withdraw when Plaintiffs had not communicated with counsel nor responded to his communications). Because these Plaintiffs have not communicated with my firm despite my considerable efforts and have thus made it impossible for me to represent these Plaintiffs, I could not possibly be able to represent them.

Fourthly, there are six Plaintiffs with whom my office is in contact but who refuse to cooperate with me or who continually question my work. These Plaintiffs are Maria Chodara, Rosa Figueroa, Edita German, Luz Helliger, Elzbieta Krol and Teresa Taraska.

The first five Plaintiffs refuse to cooperate with me or my personnel. They affirmatively stated to me or my personnel that they would not give written consent to the settlement agreement. Ms. Chodara went even further by having her husband convey a message to me that I should "get lost." These five Plaintiffs have been informed of the date of the trial but I have no idea, if they will appear for it.

Ms. Taraska on the other hand has made it extremely difficult for me to advise her and represent her interests. She recently challenged the factual information previously submitted by her in this case with regards to the daily duties she performed and time of day she worked. Yet she refused to come to my office to discuss the case further but, in the past two weeks has

dispatched her daughter to question my work and to issue demands for the entire file. Yet neither Ms. Taraska nor her daughter took me up on the invitation to come to my office to review the documents and to discuss Ms. Taraska's particular situation. They would also not respond to my phone calls and today Ms. Taraska's daughter send me an e-mail making demands that I explain to her my position in writing. Considering the press of a looming trial, I was unable to do so, but when I called, she could not talk and never called me back. Where a client continually questions an attorney's work, or insists that an attorney pursue legal theories and arguments directly contrary to counsel's professional judgment, the attorney may withdraw form such representation (*see, e.g.* **Dillon v. Otis Elevator Co.**, 22 AD3d 1 (1st Dept. 2004)). Accordingly, I am unable to represent Ms. Taraska.

Finally, there are two clients, Ms. Rita Hart and Ms. Zmiejko, who orally expressed a desire to settle the case but needed more information and I have reason to believe that they will give their written consent, if given a little more time.

Wherefore, I respectfully request that this Court permit me to withdraw as counsel for the Plaintiffs enumerated in the **Exhibit 1** attached herewith (except for Ms. Hart and Ms. Zmiejko) and adjourn the trial to June 30, 2019 or to any date thereafter agreeable to the Court to allow these Plaintiffs to retain new counsel

Thank you for your attention to the foregoing.

Respectfully submitted,

*/s/Robert Wisniewski*
Robert Wisniewski